UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALYSSA MEHLING SMITH, ET AL., | ) | CASE NO.1:12CV596 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| L. HAL ENGELTER, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion of Defendants John Hancock Life Insurance Company and Signator Investors, Inc. to Deposit Funds with Court and for Interpleader Dismissal, and for John Hancock's Reasonable Fees and Expenses. (ECF # 43). For the following reasons, the Court grants, in part, and denies, in part, Defendants' Motion.

**Background Facts**

The Court recites the background facts as stated in its Opinion of July 24, 2012, as follows. On December 29, 2011, Plaintiffs Alyssa Mehling Smith and Aaron Mehling filed an action with Cuyahoga County Probate Court, alleging concealed assets of Terese Mehling's estate by Defendant L. Hal Engelter ("Engelter"). On February 28, 2012, Plaintiffs filed a Complaint in Cuyahoga County Court of Common Pleas against Defendants Engelter, John Hancock Annuities, Robert Hurd (agent for John Hancock) and Signator Investors, Inc. According to the Complaint, Alyssa is the Executrix of her deceased mother Terese Mehling's estate. Terese died in 2011. Alyssa and Aaron are brother and sister and are the sole

1

beneficiaries of the estate of their mother, Terese.  Engelter resided with Terese in Westlake, Ohio from 2008 to sometime around the time of Terese's death in December of 2011.

The primary issue is a John Hancock investment account allegedly bought with an IRA left Terese by her deceased husband, Robert Mehling, father of Alyssa and Aaron.  The IRA was valued at $975,000.00 in 2006.  Terese was ill throughout the relevant time period, having struggled with alcoholism for over twenty years.  Terese suffered from end stage cirrhosis of the liver and mental health issues.  During the time of her marriage to Robert Mehling, Terese was never able to manage money due to her health issues and alcoholism.  After the death of Robert, Terese relied upon family attorney Charles Gallagher and her family to handle her finances and repeatedly indicated to Plaintiffs and Gallagher that she intended to care for her children financially after she passed.

Sometime in 2007, Terese began a relationship with Engelter, whom she had known since she was young.  Engelter convinced Terese to invest monies with a friend of Engelter telling her that an initial investment of $30,000.00 would earn annual returns of 20%.

In 2008, Engelter convinced Terese to invest in a business with Engelter which would give Engelter access to the invested money.  Around this time, Plaintiffs' allege Engleter moved in with Terese and began siphoning her money for his own use by transferring Terese's money from family attorney Gallagher's management to a John Hancock account managed by Hurd.  Although Plaintiffs have not seen any evidence,  Plaintiffs allege Engelter informed them Terese changed her beneficiary designation from Plaintiffs to Engelter.   Although Plaintiffs are unaware of the total amount withdrawn, they contend Engelter has significantly depleted Terese's funds for his own extravagant lifestyle all the while plying Terese with alcohol and mentally and

emotionally abusing and bullying her for his own personal gain. Defendant Signator has served as the broker/dealer for the John Hancock account.

Plaintiff's Complaint alleges causes of action for Conversion, Embezzlement, Tortious Interference with Expectancy of Inheritance, Unjust Enrichment, Fraud and Breach of Fiduciary Duty against all Defendants.

**Procedural History**

On March 9, 2012, Defendants removed the case to this Court, alleging jurisdiction based on diversity. According to Defendants, John Hancock is a Michigan Corporation, Signator is a Delaware Corporation, Hurd is a resident of Michigan and, notwithstanding the allegations in the Complaint, Engelter is a Michigan resident. On March 13, 2012, Plaintiffs filed a Motion to Carry Over Temporary Restraining Order from State Court, Motion for Preliminary Injunction, or in the alternative, a Motion to Issue a new Temporary Restraining Order (ECF # 4). The TRO sought to restrain Engelter from further depleting the remaining assets in the John Hancock account. On March 14, 2012, the Court held a telephone status conference and ordered the parties to enter a stipulation on the John Hancock account due, in part, on the Court's concerns whether it had subject matter jurisdiction over the case due to the lack of diversity on the face of the Complaint.

On March 22, 2012, the parties entered into a Joint Stipulation wherein John Hancock stipulated that there is an injunction presently pending in Probate Court preventing any distribution of the John Hancock account until further order of the Probate Court. The IRA is also encompassed within the language of the restraining order. Beyond the injunction, John Hancock stipulated it has placed an internal "freeze" on the IRA and will not distribute funds

from the account unless authorized by the Court or by agreement of the parties. The above stipulation rendered Plaintiffs' Motion for Carry Over TRO moot.

On April 5, 2012, Plaintiffs filed a Motion to Remand based on their contention that, at the time of the filing of the Complaint in Probate Court, Engelter was a resident of Ohio, therefore, no complete diversity exists. In support of their Motion, Plaintiffs' attached the affidavit of Alyssa attesting that Engelter lived at the Westlake home at the time of the filing of the Complaint in Probate Court. In an Opinion issued July 24, 2012, the Court denied the Motion to Remand, finding Defendant Engelter had established residency in Michigan thereby, conferring subject matter jurisdiction with this Court. On August 6, 2012, Defendants Hancock and Signator filed their Motion for Interpleader with the Court. On August 29, 2012, Plaintiffs filed their First Amended Complaint.

Defendants Hancock and Signator contend that they have received conflicting claims to the Individual Retirement Account ("IRA") proceeds held by Hancock in the name of Terese Mehling or her solely owned company, Business and Pleasure LLC. The parties with conflicting claims are L. Hal Engelter, the named beneficiary of the IRA, and Alyssa M. Smith and Aaron Mehling, the adult children of Terese Mehling. Hancock and Signator contend they are an innocent stakeholders and seek to deposit the disputed funds with the Court's registry. Upon deposit with the Court registry, Hancock and Signator seek to be dismissed from the action with prejudice and seek costs and fees for having to defend this action.

Defendant Engelter opposes Hancock and Signator's Motion, contending that John Hancock and Signator are not innocent stakeholders. Engelter argues that because the Complaint alleges independent claims against the movants, they cannot escape liability simply by means of

interpleader. Furthermore, the intent of interpleader is to prevent an innocent stakeholder from facing multiple claims in multiple cases. Here, Engelter contends all competing claims are already represented and all interested parties are part of the suit.

Plaintiffs join in Engleter's opposition to Hancock and Signator's Motion, echoing Engelter's arguments that movants are Defendants with independent claims against them, thus, they are not innocent stakeholders. Plaintiffs' First Amended Complaint alleges claims against all Defendants, including Hancock and Signator for various claims, including: conversion and embezzlement, tortious interference, unjust enrichment and fraud and/or negligent misrepresentation, breach of fiduciary duty, negligence, breach of contract and certain statutory violations.

### Law and Analysis

Federal Rule of Civil Procedure 22 states in pertinent part:

**(a) Grounds.**

(1) ***By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

**(2) *By a Defendant.*** A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

The Sixth Circuit, in expounding on the Rule stated:

"Pursuant to Federal Rule of Civil Procedure 22, '[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple

liability.'" Fed.R.Civ.P. 22(1). "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" 7 *Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure §* 1704 (3d ed.2001)

*U.S. v. High Technology Products, Inc.* 497 F.3d 637, 641 (6th Cir., 2007).

At this stage of the proceedings, the Court finds that dismissing the claims against Hancock and Signator would be improper.  "It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader." *Farmers Irrigating Ditch & Reservoir Co. v. Kane,* 845 F.2d 229, 232 (10th Cir. 1988).  Here, the First Amended Complaint alleges tort and statutory claims against movants, alleging they were instrumental in causing the controversy.  Therefore, movants are not innocent stakeholders entitled to interpleader and dismissal.

Nor are movants entitled to attorney fees at this stage in the proceedings because the Sixth Circuit has expressly held that attorney fees may only be awarded where a movant is a disinterested stakeholder.  "Equitable principles favor an award of attorney's fees where the interpleading party is: (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes v. Artists Rights Enforcement Corp.,* 148 F. App'x 252, 259 (6th Cir.2005).  Here, movants do not concede liability on the causes of action alleged against them by Plaintiffs.  Therefore, they are not entitled to attorney fees.

However, no party opposes movants' request that they deposit the remainder of funds at issue in the Court's registry.  Therefore, the Court orders the disputed funds presently held by

movants, concerning the Individual Retirement Annuity in the name of Terese Mehling, and any other funds held by movants in the name of Terese Mehling or her solely-held company, Business and Pleasure, LLC, placed in the Court's registry.  Movants shall consult and comply with the Court's local rule 67.1 prior to depositing the disputed funds.

Therefore, for the foregoing reasons, the Court grants, in part, and denies, in part, Defendants Hancock and Signator's Motion.  The Court grants their motion to deposit the disputed funds in the Court's registry, denies Defendants' request to dismiss them from the case and denies their request for fees and costs.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  October 31, 2012